UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

LIBERTARIAN PARTY OF CONNECTICUT
HAROLD HARRIS
DANIEL REALE

CA NO 3:20-cv-00467
Hon. Janet C. Hall

VS

DENISE MERRILL, SECRETARY OF STATE
NED LAMONT, GOVERNOR OF CONNECTICUT

and

KYLE KENLEY KOPITKE,
                 Pro Se Intervenor,
vs.

DENISE MERRILL, SECRETARY OF STATE
NED LAMONT, GOVERNOR OF CONNECTICUT
in their official capacities,

Edward Bona (411570) Attorney for the Plaintiff  PO Box 13 Plainfield, CT 06374 (860) 889-5930 edward-bona@comcast.net

Daniel Reale 20 Dougherty Ave Plainfield, CT 06374 (860) 377-8047   headlinecopy@gmail.com

Maura Murphy Osborne Attorney for the Defendant  860-808-5020   Maura.Murphyosborne@ct.gov

Alma Minley  Attorney for the Defendant   860-808-5020  Alma.Minley@ct.gov

Kyle Kenley Kopitke, Pro Se 1506 N. Grand Traverse, Flint, MI 48503 KyleKopitke@gmail.com

# **INTERVENOR'S COMPLAINT FOR EMERGENCY DECLARATORY AND INJUNCTIVE RELIEF**

**Nature of the Case**

1.      This is an action to declare unconstitutional, enjoin and/or modify Connecticut's in-person signature collection and witnessing requirements for independent and third-party candidates in Connecticut seeking to qualify for the November 3, 2020 general election in light of the current public health emergency caused by the pandemic, COVID-19 and the Governor's emergency orders effectively shutting down the State.

### Signature Requirements for Candidates

2. The State of Connecticut requires 7,500 valid signatures for an Independent Presidential candidate to be placed on the November 3, 2020 general election ballot.

### PARTIES

3.      Intervenor Kyle Kenley Kopitke, native of Illinois and has lived in Flint, Michigan for over the last ten years.  Kopitke is an independent candidate seeking election at the November 3, 2020 election to the office of President of the United States of America.  Kopitke served in the United States Army during the Cold War, his father Raymond served in the United States Marine Corps during World War II; his mother Dorothy served as a cadet Nurse during World War II; his grandfather Frederick Rieman served in the United States Army during World War I. Kopitke served in the United States Peace Corps and performed diplomatic work therein. Kopitke donated a kidney to his brother in 1976.  Kopitke served as President of Citizens Against the Burn, which successfully stopped the first time burning of contaminated cyanide chips on American soil.  Kopitke holds a Doctorate in Public Administration and an MBA.  He

has qualified for the ballot as a candidate for President in the State of Colorado, and has an appeal pending in the U.S. Court of Appeals for the Fourth Circuit (Kopitke v. Bell, 19-2355) challenging North Carolina's March petition deadline and 70.000 signature requirement for independent statewide candidates. (Oral argument were tentatively set for week of May 5th but have been delayed due to the pandemic), as well as an Intervneor pleading in Case No. 1: 20-cv-02112 in Illinois regarding ballot access signature protocols due to the pandemic.

4. Intervenor-Defendants (hereinafter: "Defendants"), DENISE MERRILL, SECRETARY OF STATE NED LAMONT, GOVERNOR OF CONNECTICUT

In their official capacities.

5. At all times relevant to this action, Defendants were engaged in state action under color of state law.

6. Defendants are being sued in their official capacities for declaratory and injunctive relief under
42 U.S.C. § 1983 and 28 U.S.C. § 2201, as well as costs and attorney's fees under 42 U.S.C. § 1988(b).

## JURISDICTION

7. Jurisdiction in this case is predicated on 28 U.S.C. § 1331, this being a case arising under the Constitution of the United States and 42 U.S.C. § 1983.

## VENUE

8. Venue is proper in this District under 28 U.S.C. 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred in the District of Connecticut.

## FACTS

9. Intervenor realleges the items in the Plaintiffs' Complaint are valid.

### Impossibility of Circulation by Intervenor

10. As of the 1st of May, over 2,330 Connecticut citizens have died of the COVID-19 pandemic, and over 1,500 are hospitalized, with over 28,700 confirmed cases. On the 1st of May, researchers at the Center for Infectious Disease Research and Policy at the University of Minnesota stated the pandemic may continue for between 18 to 24 more months.

11. The Governor has issued guidance that residents should not come into close contact with others. This makes petition signature gathering impossible.

12. The CDC has stated that the virus has been found active as far as 13 feet from infected persons, making the "6 foot distance" guideline lacking.

13. Researchers in China found that the virus is spread also on shoes as it is tracked into other locations.

14. Any attempt to collect signatures is a danger to the lives of the petition circulators, the voters being asked to sign petitions, the candidates, the Election Officials that have to check the signatures, and the medical staff that will have to treat the newly infected caused by the process of collecting signatures. There is a real danger that the petition circulators bring the virus home from them and may infect their family members.

15. The virus has been found to be active spreading in the air, as well as on plastic and cardboard (paper products) and metal from 2 days to 5 days (different studies show different amounts). The virus could be active on pens and signature sheets.

16. The Governor has advised that people should stay in their home to stop the spread of the virus.

## **Injury-in-Fact Caused Intervenor**

17. Connecticut, together with the COVID-19 outbreak and the Governor's orders, directly cause injury-in-fact to Intervenor and his First and Fourteenth Amendment rights.

18. Intervnor's injuries are fairly traceable to the Connecticut laws requiring in-person signature collection for candidates.

19.     This Court has the power to properly redress Intervenor's injuries by issuing prospective injunctive and declaratory relief prohibiting enforcement of Connecticut's signature requirements for candidates for office for the November 3, 2020 general election.

20.     This Court may properly redress Intervenor's injuries by directing Defendants to accept for the November 3, 2020 general ballot the nominating papers of Intervenor, Kyle Kenley Kopitke (The State of Vermont has removed signature gathering requirements and will accept nomination papers from Independent Presidential candidates).

## FIRST CAUSE OF ACTION

## FIRST AMENDMENT

21.     All previous paragraphs and allegations are incorporated herein.

22.     Under present circumstances, Connecticut's ballot-access requirements for independent candidates and new party candidates for President of the United States violate rights guaranteed to Intervnor by the First and Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983.

23.     A real and actual controversy exists between the parties.

24.     Intervenor has no adequate remedy at law other than this action for declaratory and equitable relief.

25.     Intervenor is suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

## SECOND CAUSE OF ACTION

## FOURTEENTH AMENDMENT EQUAL PROTECTION CLAUSE

26. All previous paragraphs and allegations are incorporated herein.

27. Under present circumstances, Connecticut's ballot-access requirements for independent candidates for President of the United States violate rights guaranteed to Intervenor by the Equal Protection Clause of the Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983.

28. A real and actual controversy exists between the parties.

29. Intervenor has no adequate remedy at law other than this action for declaratory and equitable relief.

30. Intervenor is suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

## DEMAND FOR RELIEF

**WHEREFORE**, the Intervenor respectfully prays that this Court:

(1) Assume original jurisdiction over this case;

(2) Issue a temporary restraining order and/or preliminary injunction (i) prohibiting enforcement of Connecticut's supporting signature requirements for candidates for office for Connecticut's November 3, 2020 general election; (ii) directing Defendants to accept Intervenor

Kyle Kenley Kopitke's nominating papers for the November 3, 2020 general election without requiring supporting signatures from voters; and (iii) directing Defendants to place Intervenor Kopitke's name on the Connecticut November 3, 2020 general election ballot.

(3)     Issue a declaratory judgment stating that, in light of the current public health emergency caused by COVID-19 and executive orders requiring that Connecticut citizens stay at home and shelter in place, Connecticut 's supporting signature requirements for independent candidates for office cannot be constitutionally enforced under the First and Fourteenth Amendments, that Defendants must accordingly accept Intervenor Kopitke's nominating papers for the November 3, 2020 general election ballot without requiring supporting signatures from voters, and that Defendants must accordingly place Intervenor Kopitke's name on the Connecticut November 3, 2020 general election ballot.

(4)     Issue a permanent injunction (i) prohibiting enforcement of Connecticut's supporting signature requirements for candidates for office for Connecticut Connecticut's November 3, 2020 general election; (ii) directing Defendants to accept Intervenor Kopitke's nominating papers for the November 3, 2020 general election without requiring supporting signatures from voters; and (iii) directing Defendants to place Intervenor Kopitke's name on the Connecticut November 3, 2020 general election ballot.

(5)     Order Defendants to pay to Intervenor's costs and a reasonable attorney's fees under 42 U.S.C. § 1988(b); and

(6)     Retain jurisdiction over this matter and order Defendants to provide to Intervenor any additional relief the Court deems just.

## **APOLOGY TO THE COURT AND VARIOUS COUNSELS**

I apologize to the court and counsels for mistakes in formatting and other such errors; requesting some latitude often given to Pro Se filings.

                                                           Respectfully submitted,

                                                           */s/ Kyle Kenley Kopitke*
                                                           Pro Se

Kyle Kenley Kopitke
1506 N. Grand Traverse
Flint,  MI 48503
810-424-0772

*CERTIFICATE OF SERVICE begins on the next page*

## *CERTIFICATE OF SERVICE*

This will certify service of the foregoing instrument was emailed to the Clerk of Court for Janet C. Hall on May 1st, 2020.

A copy will be emailed to:

Edward Bona (411570) Attorney for the Plaintiff  PO Box 13 Plainfield, CT 06374 (860) 889-5930 edward-bona@comcast.net

Daniel Reale 20 Dougherty Ave Plainfield, CT 06374 (860) 377-8047   headlinecopy@gmail.com

Maura Murphyosborne Attorney for the Defendant  860-808-5020   Maura.Murphyosborne@ct.gov

Alma Minley  Attorney for the Defendant   860-808-5020   Alma.Minley@ct.gov

**VERIFICATION OF INTERVENOR**
(pursuant to 28 U.S.C. Sec. 1746)

I, Kyle Kenley Kopitke, verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 1, 2020

s/Kyle Kenley Kopitke
Kyle Kenley Kopitke
Intervenor
Pro Se