UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LIBERTARIAN PARTY OF CONNECTICUT<br>HAROLD HARRIS<br>DANIEL REALE<br><br>v.<br><br>DENISE MERRILL, SECRETARY OF STATE<br>NED LAMONT, GOVERNOR OF<br>CONNECTICUT | ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO.<br>3:20-CV-00467 (JCH)<br><br><br><br><br><br><br>June 10, 2020 |

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS OF RIGHT BY GREEN PARTY OF CONNECTICUT, JUSTIN PAGLINO. and PATRICIA KANE**

The Green Party of Connecticut (GPCT), Justin Paglino, and Patricia Kane have moved that they be allowed to intervene as plaintiffs in this matter pursuant to Fed. R. Civ. P. 24. As a minor political party recognized by the State of Connecticut (GPCT), as a GPCT-endorsed candidate for U.S. House of Representatives in the 3rd Congressional District of Connecticut (Justin Paglino), and as a GPCT registered voter residing in the 3rd Congressional District of Connecticut (Patricia Kane), they (hereinfter referred to as "Green Party plaintiffs") possess interests relating to the transaction that is the subject of the action, and are so situated that disposing of the action may as a practical matter impair or impede their ability to protect their interest; nor do the existing parties adequately represent that interest. Intervention can be accomplished without unduly delaying the proceedings or unfairly prejudicing any party's interests.

Therefore, and as set out in more detail below, the proposed plaintiffs respectfully request that the Court recognize their right to intervene.

> This Court has stated:
>
> A party may intervene as of right where the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest . . . ." Fed.R.Civ.P. 24(a)(2); see also *MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 389 (2d Cir. 2006) ("Intervention as of right . . . is granted when . . . (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties.") (citations omitted).

*Tyson v. Alvarez*, Docket No. 3:17-cv-731 (D.Conn. 2018). For the reasons set out below, it is appropriate to grant intervention as of right for the proposed Green Party plaintiffs.

First, the intervention is timely. Presently pending are complaints and motions for injunctive relief by the original plaintiffs as well as other intervening parties, and most recently, on May 27, 2020, a motion to intervene by Ethan Alcorn, who states that he is seeking intervention to assert his right to be placed on Connecticut's ballot as a candidate for President of the United States. [Doc. #49] If granted intervention, the Green Party plaintiffs are prepared to, within three (3) days, file a Complaint and their briefs in support of the pending Motion for Preliminary Injunction [Doc. #43]; Emergency Motion for Temporary Restraining Order [Doc.# 12], and Emergency Ex Parte Motion to Immediately Grant Temporary Restraining Order [Doc.#2]. Therefore, permitting intervention by the Green Party plaintiffs will not significantly delay proceedings or prejudice the rights of other parties.

Second, the Green Party plaintiffs seek intervention because they possess interests relating to the transaction that is the subject of the action. As with the Libertarian Party and the Independent Party plaintiffs, the Green Party plaintiffs are a recognized minor party under Connecticut law, as well as a candidate endorsed by said party, and a voter who is registered with said party. Like them, the intervening plaintiffs possess an interest in the processes by

2

which recognized minor party candidates are permitted access to the Connecticut ballot in the general election scheduled for November 3, 2020. And as with the other recognized minor parties, their candidates, and their voters that have intervened, the State of Connecticut's requirements for ballot access, even after Governor Lamont's Executive Order 7LL, place an undue and an unfair burden on the rights of speech, assembly, and equal protection of the Green Party plaintiffs

Third, the outcome of the case – in particular, to the extent that the Court grants or denies the requested injunctive relief – is likely, as a practical matter, to impact the Green Party plaintiffs' interests. Were the Court to deny injunctive relief in this matter, it would certainly impair or impede the ability of the intervening Green Party plaintiffs to exercise their ability to mount campaigns for office and to vote for endorsed Green Party candidates.

Finally, the existing plaintiffs cannot adequately protect the interests of the intervening Green Party plaintiffs. Unlike either the Libertarian Party, which campaigns for office but seldom succeeds in its electoral efforts in Connecticut, or the Independent Party, which serves as a source of cross-endorsement for certain Republican Party candidates, the Green Party of Connecticut has successfully and independently elected into office numerous selectpersons, town councilpersons, members of town boards of finance, boards of education, wetlands commissions, planning and zoning commissions, police commissions, and other democratically-elected bodies, as well as electing registrars of voters. The stake of the Green Party plaintiffs is not only in the abstract right of the party to participate in elections but in its voters' ability to elect into office the representatives of their choice.

Whereas the intervening Green Party plaintiffs have demonstrated that they meet the standard for intervention as of right, they respectfully request that the Court grant their motion.[1]

                        RESPECTFULLY SUBMITTED,
                        GREEN PARTY of CONNECTICUT,
                        JUSTIN PAGLINO, and PATRICIA KANE

                        by  / s /  Peter Goselin
                        Peter Goselin ct06074
                        The Law Office of Peter Goselin
                        557 Prospect Avenue, 2nd Floor
                        Hartford, Connecticut 06105
                        Tel. 860-580-9675
                        Fax 860-232-7818
                        pdgoselin@gmail.com

---

1   The Court has also observed that:

    Section 24(b)(1)(B) allows permissive intervention where the movant "has a claim or defense that shares with the main action a common question of law or fact." Permissive joinder also would be appropriate in this case. Permissive intervention is wholly within the court's discretion. See *St. John's Univ., New York v. Bolton*, 450 Fed.Appx. 81, 84 (2d Cir. 2011) ("A district court has broad discretion under Rule 24(b) to determine whether to permit intervention . . . .").

*Tyson v. Alvarez*, supra. Were the Court to find that the showing above is not sufficient to merit intervention as of right, the plaintiffs respectfully request the Court to find that permissive intervention is warranted.

**CERTIFICATE OF SERVICE**

This is to certify that on June 10, 2020, the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u> / s / Peter Goselin </u>