UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LIBERTARIAN PARTY OF CONNECTICUT, ET AL. | : : | No. 3:20-cv-00467 (JCH) |
| *Plaintiffs*, | : : | |
| v. | : : | |
| DENISE MERRILL, SECRETARY OF STATE, ET AL. | : : : | |
| *Defendants*. | : | AUGUST 7, 2020 |

**DEFENDANTS GOVERNOR NED LAMONT AND SECRETARY OF THE STATE DENISE MERRILL'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants, Ned Lamont, Governor and Denise Merrill, Secretary of the State, ("Defendants") hereby file their answer to Plaintiffs' Libertarian Party of Connecticut, Harold Harris and Daniel Reale's Complaint dated April 4, 2020.

1. Defendants admit Harold Harris was issued nominating petitions for the Fourth State Senate District. Defendants lack sufficient information and knowledge to admit or deny the allegations in the remainder of this paragraph and leave Plaintiffs to their proof on those allegations.

2. Defendants admit Plaintiff Libertarian Party of Connecticut ("LPCT") is a registered minor party in Connecticut that has minor party status for some offices in the 2020 election. Defendants lack sufficient information and knowledge to admit or deny the allegations in the remainder of this paragraph and leave Plaintiffs to their proof on those allegations.

3. Defendants admit that the LPCT has ballot access for the office of United States Congress in Connecticut's Second District for the November 3, 2020 election. Defendants lack sufficient information and knowledge to admit or

1

deny the allegations in the remainder of this paragraph and leave Plaintiffs to their proof on those allegations.

4. Defendants admit Secretary Merrill is the chief election official in Connecticut and that she issues nominating petitions for some offices. The remainder of is paragraph contains a legal statement to which no answer is required.

5. Defendants admit that Defendant Ned Lamont is the Governor of Connecticut. Defendants lack sufficient information and knowledge and can therefore neither admit or deny the allegations in the remainder of this paragraph and leave Plaintiffs to their proof.

6. This paragraph contains a legal statement to which no answer is required. Defendants leave Plaintiffs to their proof on this requirement.

7. This paragraph contains inaccurate statements regarding the petitioning deadline and is therefore denied. The remainder of this paragraph contains unspecified, conclusory allegations to which the Defendants cannot adequately respond in an answer. Defendants leave Plaintiffs to their proof on these generalized allegations.

8. This paragraph contains inaccurate and irrelevant statements regarding the 2019 elections and is therefore denied. Defendants leave Plaintiffs to their proof on these allegations.

9. Denied.

10. The first sentence of this paragraph is admitted to the extent that minor party and nominating candidates can receive notification regarding their ballot access in September, however, what the sentence omits is that they can

       receive notification sooner if they submit their nominating petitions sooner than the August deadline. The Secretary and local election officials review and approve nominating petitions on a rolling basis so there is no reason in most instances to wait until September to receive the Secretary's notification. The remaining sentences in this paragraph are denied.

11. Defendants lack sufficient information and knowledge and can therefore neither admit nor deny the allegations in the first sentence of this paragraph and leave Plaintiffs to their proof. Defendants admit the second sentence. Defendants deny the third sentence. Defendants deny the fourth sentence because it contains inaccurate statements of law regarding a statute that is not germane to this case.

12. Denied.

13. Defendants lack sufficient information and knowledge and can therefore neither admit or deny the allegations in this paragraph and leave Plaintiffs to their proof.

14. Defendants admit the first four sentences of this paragraph. Defendants lack sufficient information and knowledge to admit or deny the allegations in the second to last sentence of this paragraph and leave Plaintiffs to their proof on those allegations. Defendants deny the last sentence. Defendants lack sufficient information and knowledge and can therefore neither admit or deny the allegations in subparagraphs (a)-(d) and leave Plaintiffs to their proof on these subparagraphs.

15. There is no paragraph 15 in the Complaint.

16. There is no paragraph 16 in the Complaint.

17. There is no paragraph 17 in the Complaint.

18. This paragraph contains inaccurate statements regarding the petitioning statutes and is therefore denied. The remainder of this paragraph contains unspecified, conclusory and confusing allegations to which the Defendants cannot adequately respond in an answer. Defendants leave Plaintiffs to their proof on these generalized allegations.

19. This paragraph contains inaccurate statements regarding the petitioning statutes and is therefore denied. It also contains a reference to a paragraph that does not even exist in this complaint, paragraph 17. The remainder of this paragraph contains unspecified, conclusory and confusing allegations to which the Defendants cannot adequately respond in an answer. Defendants leave Plaintiffs to their proof on these generalized allegations.

20. Defendants admit signatures are checked by Town Clerks and Registrars of Voters who use codes to state on the form the reason a signature is not accepted. The remainder of the paragraph is denied either because it contains inaccurate statements regarding the petitioning statutes; contains a reference to a paragraph that does not even exist in this complaint, paragraph 17 or because it contains conclusory and confusing allegations to which the Defendants cannot adequately respond in an answer. Defendants leave Plaintiffs to their proof on these generalized allegations.

21. Denied.

22. Denied.

23. Defendants admit subparagraph (j) to the extent that it alleges a party must reserve its party name using a "party designation form." Defendants lack

sufficient information and knowledge and can therefore neither admit or deny the allegations in subparagraph (l) and leave Plaintiffs to their proof on that subparagraph. The remainder of the paragraph and subparagraphs are denied.

24. Defendants admit subparagraph (a) to the extent that it alleges a minor party must petition for offices for which it does not have ballot access based on a prior vote total. The remainder of the paragraph and subparagraphs are denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied. This paragraph contains an inaccurate and distorted description of the petitioning process.

30. Denied.

31. Defendants admit major party candidates do not have to petition for ballot access, although they do need to gather qualifying contributions to be eligible for a public financing grant. Defendants deny the remainder of this paragraph that contains inaccurate characterizations. In addition, Defendants lack sufficient information and knowledge and can therefore neither admit or deny the factual allegations in this paragraph and leave Plaintiffs to their proof.

32. This paragraph is denied. Defendants lack sufficient information and knowledge and can therefore neither admit nor deny the allegations in

subparagraph (a)-(l) and leave Plaintiffs to their proof.

33. Defendants lack sufficient information and knowledge and can therefore neither admit nor deny the allegations in this paragraph regarding their efforts to establish town committees or their characterizations of the history of major parties and leave Plaintiffs to their proof on these allegations. The remainder of the paragraph is denied.

34. Defendants lack sufficient information and knowledge and can therefore neither admit nor deny the allegations in this paragraph regarding the history of another minor parties and leave Plaintiffs to their proof on these allegations. The remainder of the paragraph is denied.

35. Denied.

36. Defendants lack sufficient information and knowledge and can therefore neither admit nor deny the allegations in this paragraph regarding the Libertarian Party's relative status among political parties throughout the nation, its fundraising or its experience in other states and leave Plaintiffs to their proof on these allegations. The remainder of the paragraph is denied.

37. Defendants lack sufficient information and knowledge and can therefore neither admit or deny the allegations in this paragraph and leave Plaintiffs to their proof.

38. Denied.

39. Defendants lack sufficient information and knowledge and can therefore neither admit nor deny the allegations in this paragraph regarding the counter-factual scenarios described and leave Plaintiffs to their proof on these allegations. The remainder of the paragraph is denied.

40. To the extent this paragraph contains statements of legal standards, those standards speak for themselves and no answer is required and Defendants leave Plaintiffs to their proof on the accuracy of those legal statements. The remainder of the paragraph is denied.

41. Denied.

42. Defendants admit voters are required to put some identifying information on a nominating petition form. The remainder of the allegations Defendants deny, or to extent they pertain to Plaintiffs' interactions, lack sufficient information and knowledge and can therefore neither admit or deny those factual allegations in this paragraph and leave Plaintiffs to their proof.

43. Denied.

44. To the extent this paragraph contains statements of language from statutes, the statutes speak for themselves and no answer is required and Defendants leave Plaintiffs to their proof on the accuracy of that language. The remainder of the paragraph is denied.

45. This paragraph is denied. Defendants lack sufficient information and knowledge and can therefore neither admit or deny the allegations in subparagraphs (a)-(c) and leave Plaintiffs to their proof.

46. Denied.

47. Denied.

48. There is no paragraph 48 in the Complaint.

49. Defendants admit Secretary Merrill is the chief elections officer in this State and that in some contexts she is charged with enforcing an ensuring compliance with election laws. Defendants admit Secretary Merrill creates and

> distributes form in a manner consistent with the requirements set forth in the General Statutes.

50. Defendants admit there are voter registration forms. To the extent this paragraph contains statements of language from those forms, the forms speak for themselves and no answer is required and Defendants leave Plaintiffs to their proof on the accuracy of that language. The remainder of the paragraph is denied.

51. Denied.

52. To the extent this paragraph contains a statement of a legal standard, no answer is required and Defendants leave Plaintiffs to their proof on the relevance of that standard. The remainder of the paragraph is denied.

53. To the extent this paragraph contains statements of language from statutes, the statutes speak for themselves and no answer is required and Defendants leave Plaintiffs to their proof on the accuracy of their characterization of a statute. The remainder of the paragraph is denied.

54. Defendants admit that as of 2020 the Libertarian Party of Connecticut is permitted to register voters throughout the State due to its prior vote total for a statewide office in a prior election.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Defendants lack sufficient information and knowledge and can therefore neither admit nor deny the allegations in this paragraph and leave Plaintiffs to their proof.

64. Denied.

65. Defendants admit that a hearing was scheduled in Connecticut Superior Court in *Misbach et al v Merrill*, HHD-CV19-6118097-S. The remainder of the factual allegations in this paragraph are denied. Defendants leave Plaintiffs to their proof on those allegations. The legal conclusions contained in this paragraph either do not require an answer or are denied.

66. Defendants lack sufficient information and knowledge and can therefore neither admit or deny the allegations in this paragraph and leave Plaintiffs to their proof.

67. Denied.

68. Defendants admit that Secretary Merrill sent a letter to Defendant Lamont and legislative leaders on March 28, 2020. That letter is in the record at ECF Doc. No. 30-4 and it speaks for itself.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

Defendants deny that Plaintiffs are entitled to any of the relief they seeks because Connecticut's ballot access requirements comply with the requirements of the First and Fourteenth Amendments.

## AFFIRMATIVE DEFENSES

### Defense One- Laches

1. Unaffiliated candidates, including Plaintiff, were able to take out petitioning papers on January 2, 2020.

2. The Governor declared Civil Preparedness and Public Health Emergencies on March 10, 2020 due to COVID-19.

3. Plaintiffs did not bring this case until April 4, 2020, three months after they could have started the petitioning process and three weeks after the Governor declared an emergency and began taking steps to curb the spread of COVID-19.

4. Plaintiffs still have not provided the Court with a list of offices for which they wish to field candidates and have candidates willing to run under their party banner.

5. There is no justification for Plaintiffs waiting to challenge the petitioning requirements when they should have been aware of the challenges posed by COVID-19 and any restrictions imposed by the Governor's executive orders, which they alleges prevent them from petitioning, in March, weeks before they brought this case.

6. These delays are prejudicial to Defendants because any relief afforded to Plaintiffs will delay the finalization of ballots for the general election, which must be completed by September 15 pursuant to statute.

**Defense Two- Failure to State a Claim for which Relief May be Granted**

7. Plaintiff's Complaint fails to allege facts sufficient to support his generalized claims of First and Fourteenth Amendment violations.

8. Therefore, Plaintiff has failed to state a claim for which relief may be granted.

**Respectfully Submitted,**
**DEFENDANTS,**

**DENISE MERRILL,**
**SECRETARY OF THE STATE, and**
**NED LAMONT, GOVERNOR OF**
**CONNECTICUT**

**WILLIAM TONG**
**ATTORNEY GENERAL**

BY: */s/ Maura Murphy Osborne*
Maura Murphy Osborne (ct19987)
Alma R. Nunley (ct30610)
Assistant Attorneys General
165 Capitol Avenue, 5th Floor
Hartford, CT  06141-0120
Tel: (860) 808-5020
Fax: (860) 808-5347
Maura.MurphyOsborne@ct.gov
Alma.Nunley@ct.gov

**CERTIFICATION OF SERVICE**

I hereby certify that, on August 7, 2020, the foregoing Answer was electronically filed using the CM/ECF system. Notice of this filing will be sent by e-mail to all counseled parties and pro se parties who have registered for electronic filing by operation of the Court's electronic filing system. A copy of the foregoing was also mailed electronically to the self-represented and intervening parties listed below. Parties may access this filing through the CM/ECF system.

Kyle Kenly Kopitke
1506 N. Grand Traverse
Flint, MI 48503
kyleopitke@gmail.com
Candidate for United States President

Daniel Reale
20 Dougherty Ave
Plainfield, CT 06374
headlinecopy@gmail.com
Candidate for Libertarian Party of Connecticut

Ethan Alcorn
492 Boom Road
Saco, Maine 04072
ethanaps@gmail.com
Candidate for United States President

　　　　　　　　　　　　　　　　　　　　*/s/ Maura Murphy Osborne*
　　　　　　　　　　　　　　　　　　　　Maura Murphy Osborne
　　　　　　　　　　　　　　　　　　　　Assistant Attorney General