UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LIBERTARIAN PARTY OF CONNECTICUT, ET AL. | : | No. 3:20-cv-00467 (JCH) |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| DENISE MERRILL, SECRETARY OF STATE, ET AL. | : | |
| *Defendants*. | : | AUGUST 7, 2020 |

**DEFENDANTS GOVERNOR NED LAMONT AND SECRETARY OF THE STATE DENISE MERRILL'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants, Ned Lamont, Governor and Denise Merrill, Secretary of the State ("Defendants") hereby file their answer to Intervenor Plaintiffs', Independent Party of Connecticut ("Independent Party") and Michael Telesca's Complaint dated May 18, 2020.

1. Defendants admit that Connecticut's statutory ballot access procedures for minor parties, including the Independent Party, in combination with the Governor's Executive Orders, directly and indirectly affect their ability to qualify as candidates for the November general election ballot, but deny the remainder of the allegations in this paragraph.

2. Defendants admit that the Independent Party is one of four minor parties that as of 2020 is able to register voters throughout the State and that it has nominated candidates for President, U.S. Senate, Congress, Connecticut constitutional officers, General Assembly, and many municipal offices. To the extent that this paragraph alleges that there are only four minor parties in Connecticut, Defendants deny this allegation. Defendants lack sufficient

1

information and knowledge and can therefore neither admit nor deny the remaining allegations in this paragraph and leave Plaintiffs to their proof.

3. Defendants admit this paragraph.

4. Defendants lack sufficient information and knowledge and can therefore neither admit or deny the allegations in this paragraph and leave Plaintiffs to their proof.

5. Defendants deny that the current signature requirement for the 2020 election is the lesser of one percent of the voters in the district for that office or 7500 signatures or that the signature requirement for President in 2020 is 7500 signatures. Defendants admit the remainder of this paragraph.

6. Defendants admit that individuals are advised that they should maintain a distance of six feet from individuals who are not part of their household and, if that is not possible, they are required to wear a mask. Defendants deny the remainder of this paragraph.

7. Defendants admit that in prior years the Independent Party has not taken out petitioning papers during the winter, but lack sufficient information and knowledge and can therefore neither admit nor deny the remaining allegations in this paragraph and leave Plaintiffs to their proof.

8. Denied.

9. Denied.

10. Defendants admit that Plaintiffs seek prospective declaratory relief and injunctive relief but deny that such relief is necessary to ensure placement of Independent Party-affiliated candidates on the ballot.

11. Defendants admit that the Independent Party is a registered minor party in Connecticut that has minor party status for some offices in the 2020 election, but lack sufficient information and knowledge and can therefore neither admit nor deny the remaining allegations in this paragraph and leave Plaintiffs to their proof.

12. Defendants admit this paragraph.

13. Defendants admit that Defendant Ned Lamont is the Governor of the State of Connecticut. The remainder of this paragraph contains a legal statement to which no answer is required and Defendants leave Plaintiffs to their proof.

14. Defendants admit that Defendant Denise Merrill is the Connecticut Secretary of the State and that Secretary Merrill is the State's chief elections official. The remainder of this paragraph contains a legal statement to which no answer is required and Defendants leave Plaintiffs to their proof.

15. Defendants admit that these Plaintiffs and Defendants are citizens of the State of Connecticut. The remainder of this paragraph contains a legal statement to which no answer is required and Defendants leave Plaintiffs to their proof.

16. Defendants deny that Plaintiffs are entitled to declaratory or injunctive relief. The remainder of this paragraph is a legal conclusion to which no answer is required and Defendants leave Plaintiffs to their proof.

18. Defendants deny this paragraph because there is no definition of "minor party" in Conn. Gen. Stat. § 9-374. Defendants lack sufficient information and knowledge and can therefore neither admit or deny the remaining allegations in this paragraph and leave Plaintiffs to their proof.

19. Defendants admit this paragraph.

20. Defendants admit that voters can enroll in the Green Party, Independent Party, Libertarian Party, or Working Families Party in any town in the State. Defendants deny there are only four minor parties in Connecticut.

21. This paragraph is a legal conclusion for which no answer is required and Defendants leave Plaintiffs to their proof. Conn. Gen. Stat. § 9-372(6) speaks for itself.

22. Defendants admit that Independent Party endorsed candidates received at least 1% of the votes in the last election for governor, secretary of the state, attorney general, comptroller and treasurer, approximately 84 state House seats (out of 151) and 28 state Senate seats (out of 36) and for the 4th and 5th congressional districts. The remainder of this paragraph is a legal conclusion for which no answer is required and Defendants leave Plaintiffs to their proof. Conn. Gen. Stat. § 9-451 and the Independent Party's rules speak for themselves.

23. Defendants admit that party rules of one faction of the Independent Party were filed with the Secretary of the State in 2010, which rules speak for themselves. Defendants admit that for 2020 the deadline for parties to file nominations with the Secretary of the State is September 2, 2020. The remainder of this paragraph is a legal conclusion for which no answer is required and Defendants leave Plaintiffs to their proof. Conn. Gen. Stat. § 9-372(6) speaks for itself.

24. Defendants admit this paragraph.

25. Defendants deny that the current signature requirements for representative to Congress range from 2703 to 2892 or for state senate range from 74 to 528. The remainder of this paragraph is a legal conclusion for which no answer is required

and Defendants leave Plaintiffs to their proof. Conn. Gen. Stat. §§ 9-453a to 9-453u speak for themselves.

26. This paragraph is a legal conclusion for which no answer is required and Defendants leave Plaintiffs to their proof. Conn. Gen. Stat. § 9-453a speaks for itself.

27. Defendants deny that August 5, 2020 is the current deadline for submitting petitions. The remainder of this paragraph is a legal conclusion for which no answer is required and Defendants leave Plaintiffs to their proof. Conn. Gen. Stat. §§ 9-453i and 9-453l speak for themselves.

28. This paragraph is a legal conclusion for which no answer is required and Defendants leave Plaintiffs to their proof. Conn. Gen. Stat. §§ 9-453k and 9-453n speak for themselves.

29. This paragraph is a legal conclusion for which no answer is required and Defendants leave Plaintiffs to their proof. Conn. Gen. Stat. § 9-453o speak for itself.

30. Defendants admit that the Governor has issued numerous executive orders in response to the pandemic, which speak for themselves.

32. Defendants admit that on March 20, 2020 the Governor issued Executive Order 7H, that order speaks for itself.

33. Defendants admit to the existence of Executive Order 7H, that order speaks for itself.

34. Defendants admit that the Secretary sent a letter to the governor and legislative leaders on March 28, 2020, that letter is in the record at ECF Doc. No. 30-4 and speaks for itself.

35. Defendants admit to the existence of the Secretary's March 28 letter, that letter is in the record at ECF Doc. No. 30-4 and speaks for itself.

36. Defendants admit to the existence of the Secretary's March 28 letter, that letter is in the record at ECF Doc. No. 30-4 and speaks for itself.

37. Defendants admit to the existence of the Secretary's March 28 letter, that letter is in the record at ECF Doc. No. 30-4 and speaks for itself.

38. Defendants are unsure what Plaintiffs mean by a "public response" and therefore lack sufficient information and knowledge and can therefore neither admit nor deny the allegations in this paragraph and leave Plaintiffs to their proof.

39. Defendants admit that on May 11, 2020 the Governor issued Executive Order 7LL, that order speaks for itself.

40. Defendants admit this paragraph.

41. Defendants admit that Independent Party-affiliated candidates have often been able to qualify for ballot access, from President to other statewide races to General Assembly seats. Defendants also admit that petitioning allows for the petitioner to explain who the candidate is, the reason for petitioning, and allows voters to ask questions. Defendants lack sufficient information or knowledge as to concerns voters may have with the petitioning forms and can therefore neither admit nor deny them and leave Plaintiffs to their proof. Defendants deny the remainder of this paragraph.

42. Because this answer is based on the incorrect assumption that petitioning still requires in person signature gathering Defendants deny this allegation.

43. Defendants deny that petitioning is rarely done in winter months by any candidates. Defendants lack sufficient information and knowledge and can

therefore neither admit nor deny as to the remaining allegations in this paragraph and leave Plaintiffs to their proof.

44. Defendants lack sufficient information and knowledge and can therefore neither admit nor deny this allegation and leave Plaintiffs to their proof.

45. Defendants lack sufficient information and knowledge and can therefore neither admit nor deny the allegations in this paragraph and leave Plaintiffs to their proof.

46. Denied.

47. This paragraph contains a legal statement to which no answer is required and Defendants leave Plaintiffs to their proof. To the extent a response is required, Defendants deny this paragraph.

48. Defendants lack sufficient information and knowledge and can therefore neither admit nor deny the allegations in this paragraph and leave Plaintiffs to their proof.

49. Defendants admit that this is the first time in recent history that petitioning candidates in Connecticut have been permitted to gather signatures by any process other than in-person petitioning, but lack sufficient information and knowledge and can therefore neither admit nor deny the remainder of the allegations in this paragraph and leave Plaintiffs to their proof.

50. Defendants lack sufficient information and knowledge and can therefore neither admit nor deny the allegations in this paragraph and leave Plaintiffs to their proof.

51. Defendants lack sufficient information and knowledge and can therefore neither admit nor deny the allegations in this paragraph and leave Plaintiffs to their proof.

7

52. This paragraph contains a legal statement to which no answer is required and Defendants leave Plaintiffs to their proof. To the extent a response is required, Defendants deny this paragraph.

53. This paragraph contains a legal statement to which no answer is required and Defendants leave Plaintiffs to their proof. To the extent a response is required, Defendants deny this paragraph.

54. Defendants admit that if an Independent Party-endorsed candidate does not appear on the ballot for a particular office then voters will not be able to vote for such a candidate for that office. The remainder of this paragraph contains a legal statement to which no answer is required and Defendants leave Plaintiffs to their proof. To the extent a response is required, Defendants deny these allegations.

55. Defendants restate all responses to paragraphs 1-54 as if fully asserted and rewritten herein.

56. This paragraph contains a legal statement to which no answer is required and Defendants leave Plaintiffs to their proof. To the extent that a response is required, Defendants deny this paragraph.

57. Defendants deny that their actions prohibit Independent Party candidates from getting the required number of signatures or prevent them from having their names placed on the November 3, 2020, ballot. The remainder of this paragraph contains a legal statement to which no answer is required and Defendants leave Plaintiffs to their proof.

58. Defendants deny that enforcement of the statutory petitioning requirements as modified by Executive Order 7LL in conjunction with any other executive orders effectively prohibit Independent Party candidates from getting the required number

of signatures or prevent them from having their names placed on the November 3, 2020 ballot. The remainder of this paragraph contains a legal statement to which no answer is required and Defendants leave Plaintiffs to their proof.

59. Denied.

60. Defendants restate all responses to paragraphs 1-59 as if fully asserted and rewritten herein.

61. Defendants admit that Michael Telesca is a registered voter. Defendants lack sufficient information and knowledge regarding his voting history and can therefore neither admit or deny this allegation and leave Plaintiffs to their proof. The remainder of the paragraph is a legal statement to which no answer is required and Defendants leave Plaintiffs to their proof.

62. Defendants deny that enforcement of the signature requirements will exclude reasonably diligent candidates endorsed by the Independent Party. Defendants further deny that the absence of an Independent Party-affiliated candidate on the ballot will deprive voters of a choice among alternative candidates. The remainder of this paragraph contains a legal statement to which no answer is required and Defendants leave Plaintiffs to their proof.

63. Defendants deny this paragraph.

Defendants deny that Plaintiffs are entitled to any of the relief they seek because Connecticut's ballot access requirements comply with the requirements of the First and Fourteenth Amendments.

## AFFIRMATIVE DEFENSES

**Defense One- Laches**

1. Candidates seeking to attain ballot access by petition under a minor-

party designation, including the Independent Party of Connecticut, were able to take out petitioning papers on January 2, 2020.

2. The Governor declared Civil Preparedness and Public Health Emergencies on March 10, 2020 due to COVID-19.

3. As of that date, no candidate had taken out petitioning papers under the Independent Party of Connecticut's party designation and, therefore, Plaintiffs had not attempted to gather a single signature in Connecticut.

4. Plaintiffs did not move to intervene in this case until May 11, 2020, four months after they could have started the petitioning process and eight weeks after the Governor declared an emergency and began taking steps to curb the spread of COVID-19.

5. There is no justification for Plaintiffs waiting to challenge the petitioning requirements when they had been aware of the challenges posed by COVID-19 and any restrictions imposed by the Governor's executive orders in response to that virus, which they allege prevent them from petitioning, in March, two months before they moved to intervene in this case.

6. These delays are prejudicial to Defendants because any relief afforded to Plaintiff will delay the finalization of ballots for the general election, which must be completed by September 15 pursuant to statute.

**Defense Two- Failure to State a Claim for which Relief May be Granted**

7. Plaintiffs' Complaint fails to allege facts sufficient to support their claims of First and Fourteenth Amendment violations.

8. Therefore, Plaintiffs have failed to state a claim for which relief may be granted.

        Respectfully Submitted,

        DEFENDANTS,

        DENISE MERRILL,
        SECRETARY OF THE STATE, and
        NED LAMONT, GOVERNOR OF
        CONNECTICUT

        WILLIAM TONG
        ATTORNEY GENERAL

        BY: */s/ Maura Murphy Osborne*____
        Maura Murphy Osborne (ct19987)
        Alma R. Nunley (ct30610)
        Assistant Attorneys General
        165 Capitol Avenue, 5th Floor
        Hartford, CT  06141-0120
        Tel: (860) 808-5020
        Fax: (860) 808-5347
        Maura.MurphyOsborne@ct.gov
        Alma.Nunley@ct.gov

**CERTIFICATION OF SERVICE**

I hereby certify that, on August 7, 2020, the foregoing Answer was electronically filed using the CM/ECF system. Notice of this filing will be sent by e-mail to all counseled parties and pro se parties who have registered for electronic filing by operation of the Court's electronic filing system. A copy of the foregoing was also mailed electronically to the self-represented and intervening parties listed below. Parties may access this filing through the CM/ECF system.

Kyle Kenley Kopitke
1506 N. Grand Traverse
Flint, MI 48503
kyleopitke@gmail.com
Candidate for United States President

Daniel Reale
20 Dougherty Ave
Plainfield, CT 06374
headlinecopy@gmail.com
Candidate for Libertarian Party of Connecticut

Ethan Alcorn
492 Boom Road
Saco, Maine 04072
ethanaps@gmail.com
Candidate for United States President

/s/ *Maura Murphy Osborne*
Maura Murphy Osborne
Assistant Attorney General