**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

LIBERTARIAN PARTY OF            :      No. 3:20-cv-00467  (JCH)
CONNECTICUT, ET AL.             :
     *Plaintiffs*,            :
                       :
        v.                    :
                       :
DENISE MERRILL,                 :
SECRETARY OF STATE, ET AL.      :
     *Defendants*.            :      AUGUST 7, 2020

**DEFENDANTS GOVERNOR NED LAMONT AND SECRETARY OF THE**
**STATE DENISE MERRILL'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, Ned Lamont, Governor, and Denise Merrill, Secretary of the State, ("Defendants") hereby file their answer to Intervenor Plaintiff Kyle Kenley Kopitke's Complaint dated May 4, 2020.

1. Defendants admit that Plaintiff seeks declaratory and/or injunctive relief regarding Connecticut's in-person signature collection and witnessing requirements for independent and third-party candidates in Connecticut seeking to qualify for the November 3, 2020 general election in light of the current public health emergency caused by the pandemic, COVID-19. Defendants lack sufficient information or knowledge regarding which of the Governor's executive orders Plaintiff is referring to and can therefore neither admit or deny the remainder of the allegations in this Paragraph and leave Plaintiff to his proof.

2. Because this paragraph incorrectly states the current signature requirements for the 2020 general election, Defendants deny this paragraph.

3. Defendants lack sufficient information and knowledge and can therefore neither admit or deny the allegations in this paragraph and leave Plaintiff to his

proof.

4.  Defendants admit that they are defendants in this case.

5.  This paragraph contains unspecified, conclusory allegations to which the Defendants cannot adequately respond in an answer.  Defendants leave Plaintiff to his proof on these generalized allegations.

6.  Defendants admit that Plaintiff has brought claims against them in their official capacities for declaratory and injunctive relief under 42 U.S.C. § 1983 and 28 U.S.C. § 2201, as well as costs and attorney's fees under 42 U.S.C. §1988(b), but deny that Plaintiff is entitled to any relief under those statutes.

7.  This paragraph contains a legal statement to which no answer is required and Defendants leave Plaintiff to his proof.

8.  This paragraph contains unspecified, conclusory allegations to which the Defendants cannot adequately respond in an answer.  Defendants leave Plaintiff to his proof on these generalized allegations.  This paragraph also contains a legal statement to which no answer is required and Defendants leave Plaintiff to his proof.

9.  This paragraph contains unspecified, conclusory allegations to which the Defendants cannot adequately respond in an answer.  Defendants leave Plaintiff to his proof on these generalized allegations.

10. Defendants admit that as of May 1 Connecticut had reported over 2,330 deaths from COVID-19 and over 28,700 confirmed cases with over 1,500 patient hospitalizations related to COVID-19 as of that date.  Defendants lack sufficient information and knowledge and can therefore neither admit nor deny the remaining allegations in this paragraph and leave Plaintiff to his proof.

11. Defendants admit that the Governor has issued guidance that residents should engage in social distancing, but Defendants deny this paragraph to the extent that it alleges that such guidance includes avoiding all close contact with all individuals. Defendants further deny that any guidance issued by the Governor makes petition signature gathering impossible.

12. Defendants lack sufficient information and knowledge and can therefore neither admit nor deny the allegations in this paragraph and leave Plaintiff to his proof.

13. Defendants lack sufficient information and knowledge and can therefore neither admit nor deny the allegations in this paragraph and leave Plaintiff to his proof.

14. Denied.

15. Defendants lack sufficient information and knowledge and can therefore neither admit nor deny the allegations in this paragraph and leave Plaintiff to his proof.

16. Defendants admit that prior to the decline of positive cases in Connecticut the Governor advised people, if possible, to stay home to reduce the spread of the virus. To the extent that this paragraph alleges that the Governor has advised people to refrain from all activities outside their homes, Defendants deny this allegation.

17. This paragraph contains unspecified, conclusory allegations to which the Defendants cannot adequately respond in an answer. Defendants leave Plaintiff to his proof on these generalized allegations. This paragraph also contains a legal statement to which no answer is required and Defendants leave Plaintiff to his

proof.

18. This paragraph contains unspecified, conclusory allegations to which the Defendants cannot adequately respond in an answer. Defendants leave Plaintiff to his proof on these generalized allegations.

19. This paragraph contains a legal statement to which no answer is required and Defendants leave Plaintiff to his proof. To the extent that a response is required, Defendants deny that Plaintiff is entitled to an injunction or declaratory ruling prohibiting enforcement of Connecticut's petition signature requirements for candidates for office for the November 3, 2020 general election.

20. Defendants admit that Vermont has elected to remove its signature gathering requirements for 2020 presidential candidates. The remainder of this paragraph contains a legal statement to which no answer is required and Defendants leave Plaintiff to his proof.

21. Defendants restate all responses to paragraphs 1-20 as if fully asserted and rewritten herein.

22. This paragraph contains a legal statement to which no answer is required and Defendants leave Plaintiff to his proof. To the extent that any answer is required, Defendants deny this paragraph in its entirety.

23. Denied.

24. Denied.

25. Denied.

26. Defendants restate all responses to paragraphs 1-25 as if fully asserted and rewritten herein.

27. This paragraph contains a legal statement to which no answer is required

and Defendants leave Plaintiff to his proof. To the extent that any answer is required, Defendants deny this paragraph in its entirety.

28. Denied.

29. Denied.

30. Denied.

Defendants deny that Plaintiff is entitled to any of the relief he seeks because Connecticut's ballot access requirements comply with the requirements of the First and Fourteenth Amendments.

## AFFIRMATIVE DEFENSES

### Defense One- Laches

1. Unaffiliated candidates, including Plaintiff, were able to take out petitioning papers on January 2, 2020.

2. The Governor declared Civil Preparedness and Public Health Emergencies on March 10, 2020 due to COVID-19.

3. As of that date, Plaintiff had not taken out petitioning papers and, therefore, had not attempted to gather a single signature in Connecticut.

4. Plaintiff did not move to intervene in this case until May 4, 2020, four months after he could have started the petitioning process and almost eight weeks after the Governor declared an emergency and began taking steps to curb the spread of COVID-19.

5. Plaintiff still has not taken out petitioning papers even though the deadline to submit nominating petitions is today, August 7, 2020.

6. There is no justification for Plaintiff waiting to challenge the petitioning

requirements when he should have been aware of the challenges posed by COVID-19 and any restrictions imposed by the Governor's executive orders, which he alleges prevent him from petitioning, in March, two months before he moved to intervene in this case.

7.    These delays are prejudicial to Defendants because any relief afforded to Plaintiff will delay the finalization of ballots for the general election, which must be completed by September 15 pursuant to statute.

### Defense Two- Failure to State a Claim for which Relief May be Granted

8.    Plaintiff's Complaint fails to allege facts sufficient to support his generalized claims of First and Fourteenth Amendment violations.

9.    Therefore, Plaintiff has failed to state a claim for which relief may be granted.

Respectfully Submitted,

DEFENDANTS,

DENISE MERRILL,
SECRETARY OF THE STATE, and
NED LAMONT, GOVERNOR OF
CONNECTICUT

WILLIAM TONG
ATTORNEY GENERAL

BY: */s/ Maura Murphy Osborne*
Maura Murphy Osborne (ct19987)
Alma R. Nunley (ct30610)
Assistant Attorneys General
165 Capitol Avenue, 5th Floor
Hartford, CT  06141-0120
Tel: (860) 808-5020
Fax: (860) 808-5347
Maura.MurphyOsborne@ct.gov
Alma.Nunley@ct.gov

## CERTIFICATION OF SERVICE

I hereby certify that, on August 7, 2020, the foregoing Answer was electronically filed using the CM/ECF system. Notice of this filing will be sent by e-mail to all counseled parties and pro se parties who have registered for electronic filing by operation of the Court's electronic filing system. A copy of the foregoing was also mailed electronically to the self-represented and intervening parties listed below. Parties may access this filing through the CM/ECF system.

Kyle Kenley Kopitke
1506 N. Grand Traverse
Flint, MI 48503
kyleopitke@gmail.com
Candidate for United States President

Daniel Reale
20 Dougherty Ave
Plainfield, CT 06374
headlinecopy@gmail.com
Candidate for Libertarian Party of Connecticut

Ethan Alcorn
492 Boom Road
Saco, Maine 04072
ethanaps@gmail.com
Candidate for United States President

                                    */s/ Maura Murphy Osborne*
                                    Maura Murphy Osborne
                                    Assistant Attorney General