**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LIBERTARIAN PARTY OF CONNECTICUT, ET AL.,     Plaintiffs, | : : : : | CIVIL CASE NO. 3:20-CV-0467 (JCH) |
| v. | : : | |
| DENISE MERRILL, SECRETARY OF STATE, ET AL.,     Defendants. | : : | APRIL 29, 2021 |

**ORDER RE: JOINT MOTION TO DISMISS (DOC. NO. 80), ORDER TO SHOW CAUSE (DOC. NO. 83), AND NOTICE OF VOLUNTARY DISMISSAL (DOC. NO. 86)**

The Libertarian Party of Connecticut ("Libertarian Party") and two candidates affiliated with the Libertarian Party, Harold Harris ("Harris") and Daniel Reale ("Reale"), initiated this action against Secretary of State Denise Merrill and Governor Ned Lamont ("defendants"), challenging the enforcement of Connecticut's ballot access laws, by filing their Verified Complaint on April 4, 2020.  See Verified Complaint ("LP Compl.") (Doc. No. 1).  Since that date, these three plaintiffs have been joined by several intervenor plaintiffs, some of whom have already been dismissed from the case. Currently, the remaining plaintiffs, including intervenor plaintiffs, are: the Libertarian Party, Harris, Reale, Kyle Kopitke ("Kopitke"), and Ethan Alcorn ("Alcorn").  Kopitke and Alcorn are proceeding pro se.

On March 16, 2021, Reale, counsel for Harris and the Libertarian Party, and counsel for the defendants submitted a Rule 26(f) Report.  See Rule 26(f) Report (Doc. No. 78).  This Report noted that "Kopitke has indicated by email that he is not pursuing

1

this case", and that "Alcorn did not respond to inquiries regarding his continued participation in this case." Id. at 1 n.1.

On March 30, 2021, Harris, Reale, and the Libertarian Party filed a Joint Motion seeking dismissal of their Complaint, without prejudice and with the consent of the defendants. See Joint Mot. to Dismiss (Doc. No. 80). The next day, the court issued an Order to Show Cause requiring the intervenor plaintiffs, including Alcorn and Kopitke, to show cause by April 7, 2021, why the entire case should not be dismissed. See Order to Show Cause (Doc. No. 81). Notice concerning this Order and a teleconference scheduled for April 7, 2021, were mailed to Alcorn and Kopitke at their addresses of record, but they did not respond and did not participate in the teleconference. See Order to Show Cause (Doc. No. 83).

On April 8, 2021, the court issued a second Order to Show Cause requiring the intervenor plaintiffs, including Alcorn and Kopitke, to show cause by April 28, 2021, why their claims should not be dismissed without prejudice for failure to prosecute. See Order to Show Cause (Doc. No. 83) (citing Fed. R. Civ. P. 41(b) and LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001)). A copy of this Order was mailed to Alcorn and Kopitke at their addresses of record. Alcorn responded by filing a Notice, docketed on April 19, 2021, requesting that the court "[p]lease dismiss my case." Notice of Voluntary Dismissal (Doc. No. 86). The court has not received a response from Kopitke, and the April 28 deadline has passed.

"Although the text of [Rule] 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to

2

prosecute." LeSane, 239 F.3d at 209.  Dismissal under Rule 41(b) for failure to prosecute is "a harsh remedy to be utilized only in extreme situations," and "pro se plaintiffs should be granted special leniency regarding procedural matters." Id. (citation omitted).  Before dismissing a plaintiff's claims under Rule 41(b), a court must consider:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

Id. (quoting Alvarez v. Simmons Mkt. Research Bureau, 839 F.2d 930, 932 (2d Cir. 1988)).

Here, these factors weigh decisively in favor of dismissing Kopitke's claims without prejudice.  Kopitke has failed to respond to a Rule 26(f) Report noting his failure to participate in the parties' planning meeting, two Orders to Show Cause, and notice of a teleconference scheduled in connection with an Order to Show Cause.  His failure to participate in the case has thus spanned at least over six weeks, during which time the court has sought on multiple occasions to determine whether he desires to continue to press his claims in the case.  Additionally, the Rule 26(f) Report indicated that Kopitke emailed the defendants expressing his desire not to prosecute his claims in this case. Rule 26(f) Report at 1 n.1.  The defendants would likely be prejudiced by further delay, given that the many other plaintiffs in this case have been dismissed from the case or seek their dismissal from the case.  Further, the court has made every effort to provide Kopitke with notice of the proceedings in this case and to protect his right to be heard, by issuing two Orders to Show Cause, scheduling a teleconference, directing the Clerk to mail copies of notices and Orders to Kopitke's address of record, and providing

Kopitke with ample time to respond. Given that Kopitke is the only remaining plaintiff who has not been dismissed or who does not presently seek dismissal of his claims, and given that dismissal of his claims would be without prejudice, the court does not believe that lesser sanctions would be appropriate.

Therefore, in light of the Rule 26(f) Report, the Joint Motion, the two Orders to Show Cause, the Notice filed by Alcorn, and the absence of any response by Kopitke to any of these filings or Orders, and bearing in mind the required factors under Rule 41(b), the court issues the following Orders:

- The court **GRANTS** the **Joint Motion to Dismiss (Doc. No. 80)** filed by Harris, Reale, and the Libertarian Party. The court **DISMISSES** Harris, Reale, and the Libertarian Party from the case without prejudice. The court finds that dismissal of these plaintiffs is proper under Federal Rule of Civil Procedure 41(a)(2), given that the defendants consent to dismissal.

- The court **DISMISSES** Alcorn from the case without prejudice. The court finds that dismissal of Alcorn is proper under Federal Rule of Civil Procedure 41(a)(2), in light of Alcorn's Notice requesting dismissal of his claims, given that counsel for the defendants consented to the dismissal of other plaintiffs, and given that counsel for the defendants represented at the teleconference held on April 7, 2021, that the defendants desire to have the case dismissed.

- The court **DISMISSES** Kopitke from the case without prejudice. The court finds that dismissal of Kopitke is proper under Federal Rule of Civil Procedure 41(b), for failure to prosecute. For the reasons stated above,

the court finds that the relevant factors weigh decisively in favor of dismissal.

All remaining plaintiffs, including intervenor plaintiffs, have now been dismissed from the case. The Clerk is directed to close the case and to mail copies of this Order to pro se intervenor plaintiffs Ethan Alcorn and Kyle Kopitke and pro se plaintiff Daniel Reale at their addresses of record.

**SO ORDERED.**

Dated this 29th day of April 2021 at New Haven, Connecticut.

      /s/ Janet C. Hall
Janet C. Hall
United States District Judge